# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3349

_____

Welburn L. Sutton,                  *

                                *

        Appellant,        *

                                *   Appeal from the United States

    v.                      *   District Court for the

                                *   Western District of Missouri.

Donald Rumsfeld, Secretary for the  *

Department of Defense,         *      [PUBLISHED]

                                *

        Appellee.         *

_____

Submitted: September 10, 2003
Filed: September 18, 2003

_____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Welburn Sutton appeals the district court's dismissal of his employment discrimination claims, arising out of the promotion of other employees to six Computer Specialist GS-13 positions, and to Head of the Test Branch (Head of Test), a GS-13 position. For reversal Sutton argues that the district court clearly erred in finding that his charge with the Equal Employment Opportunity Office (EEO) did not include five of the Computer Specialist promotions or the Head of Test promotion, and in finding that his charge was untimely as to the sixth Computer Specialist promotion. Upon careful review of the record, we affirm in part and reverse in part.

We conclude that alleged discrimination regarding the Head of Test promotion grew out of or was reasonably related to the discrimination alleged in Sutton's EEO charge--which claimed that defendant refused to promote employees who are black or over 50 above the GS-12 level and that defendant discriminated against men as well. See Stuart v. Gen. Motors Corp., 217 F.3d 621, 631 (8th Cir. 2000) (administrative complaints are to be construed liberally, and plaintiff "may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge"); Lyons v. England, 307 F.3d 1092, 1104 (9th Cir. 2002) (charge allegation that agency had denied black men promotion generally and had specifically denied plaintiffs promotion in 1996 was reasonably related to allegations concerning other promotions, because, inter alia, charge reflected plaintiffs' original theory of case--that they were disadvantaged in ability to obtain promotion above GS-12 level); Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990) (standard of review).

We further conclude that Sutton's administrative charge was timely as to the Computer Specialist position filled by Lucretia Abrego, because he contacted an EEO counselor (through his union representative) within 45 days of the effective date of the promotion. See 29 C.F.R. § 1614.105(a)(1) (2002). However, we find that the charge was untimely as to the other five Computer Specialist promotions, which were effective on an earlier date, and therefore we affirm the dismissal of those claims. See Villines v. Gen. Motors Corp., 324 F.3d 948, 952 (8th Cir. 2003) (court of appeals may affirm on any basis supported by record).

Accordingly, we affirm the district court's judgment as to the five Computer Specialist positions that were not filled by Abrego, but we reverse as to the Head of Test promotion and Abrego's Computer Specialist promotion, and we remand for further proceedings consistent with this opinion.

_____